JACK CROSS v. JOHN D. FREEMAN, ADMINISTRATOR.

Decided October 26, 1898.

**1. Landlord and Tenant—Liability for Rent—Pleading.**

In an action to recover rent upon a contract which provided for a future sale of land, and if the title thereof to be tendered should not prove "satisfactory" the other party should pay rent, for that year, the petition was defective in failing to aver that the title to the land had failed, as otherwise the relation of landlord and tenant did not arise.

**2. Same—Fraudulent Representation of Administrator—Estoppel.**

Fraudulent representations as to title by an administrator in an executory contract for the sale of land, under which the other party agreed to pay rent for a year if the title proved unsatisfactory, may be pleaded in defense of an action for the rent, and the rule estopping a tenant from denying the landlord's title does not apply in such case.

APPEAL from McLennan. Tried below before Hon. M. SURRATT.

*O. H. Cross* and *Eugene Williams,* for appellant.

FISHER, ASSOCIATE JUSTICE.—This is an action brought by John D. Freeman, as administrator of the estate of D. C. Freeman, against the appellant, on a certain written contract to recover rent alleged to be due the estate of D. C. Freeman. The contract is as follows:

*"State of Texas, McLennan County.*—This agreement, made this day by and between John D. Freeman and Jack Cross, both of McLennan County, Texas, witnesseth:

"Whereas, D. C. Freeman, now deceased, before his death agreed to sell to Jack Cross 320 8-10 acres of land out of the B. C. Wallace survey in McLennan County, Texas, and agreed on the location thereof;

"And, whereas, no deed was made and none can be made, except on order of the court where the administration on the estate of D. C. Freeman is pending.

"Now it is hereby agreed by and between the parties hereto as follows: J. D. Freeman, administrator of his father's estate, agrees to make said Cross a deed to said 320 8-10 acres of land, if the court approves the sale, application having been already made for said sale. Cross is to pay Freeman $6720 cash on the delivery of satisfactory title for said land. In case the title fails, Cross is to pay Freeman $3 per acre rent for one year for the land in cultivation and return the premises to Freeman at the

end of the year 1896. If the title is satisfactory, Cross agrees to pay 8 per cent interest from the 1st of January, 1896, till delivery of deed on the $6720. Cross is to put a division fence through the pasture, for which he is to be paid at the rate of one dollar per day per hand, while building said fence, and 10 cents each for good cedar posts he furnishes, in case the title is not satisfactory; but Freeman is to pay for only one-half of said fence, if the said title is satisfactory."

Cross went into possession of the land under this contract. Plaintiff's suit is based upon the theory that the title tendered by the plaintiff Freemen under this contract was not satisfactory to Cross, and he thereby became bound and liable for the rent of the premises at $3 per acre, the amount stated in the contract.

The defendant interposed certain demurrers to plaintiff's petition, which were overruled. One was to the effect that there was no averment charging that the title to the land in the estate of Freeman had failed, contending that under the contract the relation of landlord and tenant between the plaintiff and defendant did not arise until it was shown by the plaintiff that the title to the property in the estate had failed. There was no averment to this effect in plaintiff's petition.

We think this a correct construction of the contract. Cross agreed to buy from the estate if it furnished a good title, and in case the title failed he agreed to pay rent for one year. We do not believe that by the use of the expression "satisfactory," in the contract it was intended that Cross could refuse to accept a perfect title, if it should be tendered by the plaintiff; but we believe the true construction to be, from a reading of the entire contract, that if a good title was tendered, specific performance could be enforced against Cross; and if the title failed, then Cross, having accepted possession under the contract from Freeman, would become liable for the rent of the land at $3 per acre. Now, this is an express provision of the contract, and in order for Freeman to recover on the covenant to pay rent, the burden rested upon him to show that the title had failed, as this was the condition named in the contract under which the defendant promised to become liable for rent.

The court overruled the appellant's demurrer to the petition in this respect, and ignored this theory of the case in rendering its judgment in favor of the appellee. We are not discussing any cause of action that the appellee might have had if his action was one on quantum meruit or quantum valebat, for his pleadings do not bring such issues into the case, as his action is based solely upon the contract.

The appellant also pleaded that the execution of the contract sued upon was procured by false and fraudulent representations made by the appellee Freeman, to the effect that the estate of D. C. Freeman had a good and perfect title to the land in controversy, and that the defendant believed such representations to be true, and that by reason thereof he executed the contract of tenancy upon which the plaintiff sued. The court below sustained plaintiff's demurrers to this defense.

If it was true, as alleged, that the administrator by his false representations procured the execution of the contract, the defendant could set up this fact in avoidance thereof; and the rule of estoppel that ordinarily operates against a tenant in depriving him of the right to deny his landlord's title would not apply in such a case. An administrator, although he stands as the representative of the estate, has no more right to enforce a contract obtained by his fraud than would be the case if the contract was made in his own interest. The court erred in sustaining a demurrer to this branch of the case.

We have carefully investigated the questions raised by the remaining assignments, but find no error, except in the respects pointed out; and for the errors noticed, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*